56 F.3d 70
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 John P. DICICCO, Jr., and Jose Conte, d/b/a P&L Video,
Plaintiffs-Appellees,
v.
RENTRAK, CORPORATION, f/k/a National Video, Inc., Defendant-Appellant.
 Nos. 93-35810, 93-35931.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 1, 1995.
Decided May 18, 1995.
 
 1
 Before: BROWNING, REAVLEY,* and NORRIS, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Plaintiffs John DiCicco and Joseph Conte, doing business as P&L Video, entered a Franchise Agreement ("Agreement") with Rentrak's corporate predecessor, National Video, Inc., in which plaintiffs were to open and operate a video store franchise in the South Plaza Shopping Center in Worchester, Massachusetts. After Judge Belloni granted plaintiffs partial summary judgment on the existence of a valid, enforceable agreement between the parties with one of its terms being the South Plaza site location, the case was reassigned to Judge Panner. Judge Panner then granted plaintiffs partial summary judgment on defendant's breach of the Agreement. Rentrak makes five arguments on appeal. None of them have merit, and we affirm.
 
 
 4
 * Rentrak argues that Judge Panner erred by granting plaintiffs partial summary judgment motion on defendant's breach of the Agreement even though the same motion was previously denied by Judge Belloni. Rentrak challenges three aspects of Judge Panner's ruling.
 
 
 5
 First, Rentrak argues that Judge Panner had no authority to "reverse" Judge Belloni's prior order. However, when a second judge assigned to the same case can articulate "cogent reasons" for her decision, she "may set aside or reverse a prior order made by a colleague." Castner v. First National Bank of Anchorage, 278 F.2d 376, 380 (9th Cir. 1960). A judge's desire to "settle the questions presently without compelling the parties to proceed with what may be a futile and expensive trial" is a cogent reason. Id.
 
 
 6
 Second, Rentrak argues that Judge Panner could not issue summary judgment from the final pretrial conference without allowing Rentrak 10 days to respond as mandated by Rule 56(c).[1] However, despite the strictures of Rule 56(c), a district court has limited, discretionary authority to grant summary judgments sua sponte in the context of a final pretrial conference. Portsmouth Square, Inc. v. Shareholders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985). Because discovery was completed, Rentrak had a "full opportunity" to present its theory and the facts supporting its theory to the district court, therefore, Judge Panner did not abuse his discretion in choosing to grant summary judgment at the pretrial conference. Id. at 869-70.
 
 
 7
 Third, Rentrak argues that Sec. 1.2 of the Agreement authorized Rentrak to relocate any franchise at will. Section 1.2 of the Agreement states that:
 
 
 8
 One Location for Franchised Premises. Franchisee shall operate the Retail Franchise contemplated by this Agreement only at the location described in Exhibit A. Franchisor will not establish another franchise or company-owned store within one (1) mile of the location designated in Exhibit A. All land, buildings and improvements at the location, including parking, are hereinafter called the "Franchisor Premises." Relocation of the Franchise Premises shall require Franchisor's prior written approval.
 
 
 9
 Franchisee shall apply for and receive Franchisor's written consent prior to commencing operation of any proposed Authorized Dealership. Franchisor may, in its sole discretion, demand that Franchisee relocate any Authorized Dealership. Franchisor may establish company owned stores or franchises within one (1) mile of an Authorized Dealership and in doing so may require Franchisee to move such Authorized Dealership."
 
 
 10
 The language of this section contradicts Rentrak's interpretation by making clear that an Authorized Dealership (which the company can establish a store within one mile of) is different from a Retail Franchise (which the company cannot establish a store within one mile of). Language about Rentrak's ability to move an Authorized Dealership does not apply to a Retail Franchise which plaintiffs were to establish. Judge Panner determined that Rentrak did "not provide[] any evidence or argument in favor of" its theory that it could relocate retail franchises at will and granted partial summary judgment for plaintiffs on the issue of breach. We agree with Judge Panner.
 
 II
 
 11
 In the pretrial order, Rentrak agreed that the Agreement contained a specific, written designation of the franchise territory and the South Plaza location. A few days before trial, however, Rentrak moved to amend the pretrial order to allow for a new defense theory: that plaintiffs had not obtained final approval from Rentrak for the South Plaza location, but were required to take further steps to secure final approval for the site. Rentrak argues that the district court abused its discretion by denying this motion.
 
 
 12
 The district court's decision that "the balance of equities favor[ed] denying the motion to amend" because plaintiffs "would be severely prejudiced" if defendant could proceed on an entirely new legal theory a few days before trial was not an abuse of discretion. Pope v. Savings Bank of Puget Sound, 850 F.2d 1345, 1357 (9th Cir. 1988). Moreover, Rentrak's belated theory was precluded by a prior summary judgment in which the district court ruled that "it is clear that the territory requested received not only preliminary but final approval from defendant."
 
 III
 
 13
 Rentrak argues that the district court erred by denying Rentrak's motion to dismiss the complaint on the ground that, pursuant to Fed. R. Civ. P. 17(a), P&L Video was the real party in interest, not DiCicco and Conte, and, in the alternative, that plaintiffs failed to join a necessary party, P&L Video, as required by Fed. R. Civ. P. 19(a). The district court denied this motion because 1) as promoters, DiCicco and Conte would be personally liable under the pre-incorporation contract, so there was no reason not to allow them to sue under the contract, and 2) P&L Video did not exist and DiCicco and Conte gave their commitment that they would never form a corporation called P&L Video or attempt to bring another action against Rentrak so Rentrak was not at risk for double or inconsistent liabilities. We agree with the district court.
 
 IV
 
 14
 Rentrak argues that the district court abused its discretion in refusing to permit Rentrak's Senior Vice President to testify as to what he would have done if DiCicco and Conte had asked for a waiver of the non-competition agreement they had signed, thereby allowing plaintiffs to establish another video store to mitigate damages. This testimony was highly speculative. It was not an abuse of discretion to disallow it.
 
 V
 
 15
 Rentrak finally argues that the district court erred in awarding attorney's fees to plaintiffs because attorney's fees are not authorized under the following language of Sec. 9.9 of the Agreement:
 
 
 16
 Either party may seek and obtain in any court of competent jurisdiction specific performance and injunctive relief to restrain a violation by the other party of any covenant contained in this Agreement. The prevailing party in any arbitration, suit or action to enforce this Agreement shall be entitled to recover its arbitration and court costs and reasonable legal fees to be set by the arbitration or court, including costs and legal fees on appeal, suit or action.
 
 
 17
 Rentrak argues that, according to this language, a party may obtain attorney's fees only in suits for specific performance or an injunction. Rentrak's theory is untenable, as attorney's fees are explicitly authorized for both suits and arbitration matters. Though the Agreement may have tried to limit court suits to specific performance and injunctions, it did not so limit attorney's fees. Moreover, Rentrak alleged throughout the litigation in the pretrial order that attorney's fees were authorized under the Agreement. It was thus appropriate for the district court to award them.
 
 
 18
 AFFIRMED.
 
 
 
 *
 Honorable Thomas M. Reavley, Senior United States Circuit Judge for the United States Court of Appeals, Fifth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Rentrak also argues that Judge Panner's unfortunate phraseology that Rentrak had "abandoned" its original defense meant that he granted summary judgment on grounds not contained in the pretrial order and denied Rentrak its right to present alternate theories of the defense. This argument has no merit